**Odis BEST, Plaintiff,**

v.

**Charles A. BOSWELL, etc., et al., Defendants.**

Civ. A. No. 79–278–N.

United States District Court,
M. D. Alabama, N. D.

June 15, 1981.

Alvin T. Prestwood, Claude P. Rosser, Jr., Montgomery, Ala., for plaintiff.

Charles A. Graddick, Atty. Gen. of Alabama, Rosa G. Hamlett and Sarah M. Greenhaw, Asst. Attys. Gen., Montgomery, Ala., for all defendants except Eagerton.

John J. Breckenridge, Asst. Counsel Dept. of Revenue, Asst. Atty. Gen., State of Alabama, Montgomery, Ala., for defendant Eagerton as Rev. Commissioner.

Rushton, Stakely, Johnston & Garrett, Richard B. Garrett, Jr., Montgomery, Ala., for defendant Eagerton individually.

## MEMORANDUM OPINION

HOBBS, District Judge.

This cause is now before the Court on plaintiff's motion for a new trial or alternatively, to amend the judgment, and on plaintiff's petition for the allowance of attorney fees and costs.

As to plaintiff's motion for a new trial or his motion to amend the judgment, the jury verdict reflects the jury's determination that the actions of defendants Boswell and Bradshaw did not deprive plaintiff of any constitutional rights and were not arbitrary or capricious, but were actions justified by plaintiff's conduct.

Similarly, implicit in the jury verdict under the Court's charge is the jury's determination that plaintiff was not discharged by defendant Eagerton because of plaintiff's action of making Eagerton a defendant in this lawsuit. The jury verdict also reflects the jury's determination that Eagerton's decision to dismiss plaintiff was not arbi-

trary or capricious and that the actions of plaintiff afforded good cause for Eagerton's dismissal of plaintiff.

The jury verdict was supported by substantial evidence and was not against the great weight of the evidence, therefore, the Court declines to order plaintiff's reinstatement with full back pay. In addition, for the reasons set out in the Court's opinions of May 29, 1981 and April 29, 1981, the Court holds that the hearing provided by Eagerton on August 11, 1980, coupled with the administrative hearing before the State Personnel Board provided plaintiff under Alabama law, afforded plaintiff due process and cured the defect in defendant Eagerton's failure to provide a presuspension and a pretermination hearing. Accordingly, the Court is of the opinion that plaintiff's motion for a new trial or alternatively, to amend the judgment, is due to be denied.

The remaining issue is presented by plaintiff's petition seeking $26,483.00 in attorney fees and $3,152.51 in expenses against defendant Eagerton. The claimed fees and expenses allegedly relate to the procedural due process claim. Plaintiff's attorney recognizes that he is not entitled to attorney fees or expenses for work performed which related to claims on which plaintiff did not prevail. *Familias Unidas v. Briscoe*, 619 F.2d 391, 406 (5th Cir. 1980).

Defendant Eagerton challenges the attorney fee claim on a number of grounds. His primary contention is that plaintiff was not the "prevailing party," and the statute allows attorney fees only to the "prevailing party." 42 U.S.C. Sec. 1988. Defendant also challenges plaintiff's contention that the number of hours for which plaintiff seeks attorney fees is related to the actual hours worked on the procedural due process claim. Defendant further contends that defendant voluntarily paid plaintiff everything which plaintiff was entitled to receive on plaintiff's due process claim prior to any adjudication by this Court, and therefore plaintiff's law suit was not the cause of plaintiff's recovery on the procedural due process claim.

This last contention of defendant is rejected. The Court finds that plaintiff's law suit was more than "a significant catalytic factor" in achieving the relief sought by plaintiff on his procedural due process claim. *Robinson v. Kimbrough*, 620 F.2d 468, 478 (5th Cir. 1980).

Because the Court agrees with defendant's contention that plaintiff is not the prevailing party in this law suit, the Court need not consider defendant's contention that plaintiff's claim is not fairly limited to those hours related to the issue on which plaintiff prevailed. The Court nevertheless notes that the facts concerning the procedural due process claim were undisputed, and the issue of law was in no way novel. It is difficult to understand how the attorney's efforts on this phase of the case could have consumed the 368 hours which are claimed, even under the most liberal view of a proper allocation of time between the procedural due process claim and the other claims.

The Court must reject plaintiff's claim for attorney fees, however, on the ground that plaintiff failed to meet the statutory requirement for such an award that plaintiff be the "prevailing party." The Court of Appeals for the Fifth Circuit in a number of cases has sought to clarify the meaning of the words "prevailing party." In *Iranian Students Asso. v. Edwards*, 604 F.2d 352, 353 (5th Cir. 1980), that Court stated that the prevailing party is the party that prevails on "the central issue." In *Ramos v. Koebig*, 638 F.2d 838, 845 (5th Cir. 1981), the court said "... it is sufficient that plaintiff prevail on the main issue." In *Familias Unidas v. Briscoe, supra*, the Court of Appeals stated "... the proper focus is whether plaintiff is successful on central issue." Finally, in *Taylor v. Sterrett*, 640 F.2d 663, (5th Cir. 1981), the court stated "... the proper focus is whether plaintiff has been successful on the central issue as exhibited by the fact that he has acquired the primary relief sought."

In determining whether plaintiff was successful on the central issue, the Court must review this litigation. It commenced in

1979 against Commissioner Boswell, Mr. Bradshaw and Mr. Atkins, charging that their actions in transferring and demoting plaintiff had been done arbitrarily, wrongfully and in violation of plaintiff's First Amendment rights. In January 1980, some six months after suit was filed against Commissioner Boswell, Bradshaw and Atkins, plaintiff sued Commissioner Eagerton in his official capacity seeking reinstatement in the job from which he had been transferred. On or about June, 1980, Commissioner Eagerton suspended and then terminated plaintiff, and in June 1980, plaintiff sued Commissioner Eagerton in his individual capacity charging Commissioner Eagerton with violating his First Amendment rights in firing plaintiff because plaintiff had filed suit against Commissioner Eagerton and also charging that Commissioner Eagerton had violated his rights by subjecting him to harassment and arbitrary treatment in violation of his rights under the Fourteenth Amendment. Finally on September 23, 1980, plaintiff for the first time charged a violation of his procedural due process rights. The procedural due process claim related to the action of Commissioner Eagerton in suspending and subsequently firing plaintiff without a prior hearing. It is this claim and this claim alone on which plaintiff has prevailed.

Plaintiff's recovery on the procedural due process claim against defendant Eagerton would have resulted in a monetary recovery of approximately two thousand dollars. (Even though defendant paid this sum to plaintiff without an order by this Court, the Court treats this recovery as having been brought about by plaintiff's action in pursuing this law suit.) Plaintiff was seeking a monetary recovery of one million dollars on the claims on which he did not prevail. The fact that the claims on which he prevailed were only a small fraction of the amount in suit is not dispositive that plaintiff did not prevail on the central issue, but it is a consideration tending toward such a conclusion. It is also persuasive that plaintiff did not "acquire the primary relief sought." Moreover, plaintiff sought as an important part of his relief, reinstatement in his position. This relief was denied.

Plaintiff testified that the purpose of filing his original law suit was to vindicate his good name against the accusations of wrongdoing leveled at him by defendants. A jury trial which consumed an entire week was directed at plaintiff's efforts to show that he had done nothing wrong and that defendants had demoted and ultimately fired him arbitrarily and in violation of his First and Fourteenth Amendment rights. The jury found against plaintiff on all issues which were submitted to the jury. Defendant Atkins was dismissed from the law suit on plaintiff's motion two weeks prior to trial. Defendants Boswell and Bradshaw prevailed as to all charges brought against them.

Accordingly, this Court finds that plaintiff's success on his procedural due process claim against defendant Eagerton was a very minimal part of plaintiff's law suit; a part on which plaintiff would have been entitled to a summary judgment had defendant not conceded the correctness of this claim even before summary judgment could be granted.

In *Ohland v. City of Montpelier*, 467 F.Supp. 324 (D.Vt.1979), the court noted that plaintiff's procedural due process rights were denied and held that he was entitled to notice and a hearing prior to discharge. These are the same issues on which plaintiff has prevailed in the instant case. The Vermont district court reviewed the scope of that law suit, the multiple issues on which plaintiff did not prevail and concluded:

> To hold that this ruling (that plaintiff was denied procedural due process) would entitle plaintiff to an award of fees as a "prevailing party," however, would stand Section 1988 on its head.

Also see *Bayside Enterprises, Inc. v. Carson*, 470 F.Supp. 1140 (M.D.Fla.1979).

▌ This Court is of the opinion that a liberal construction should be given to the term "prevailing party" under Section 1988 in order that a plaintiff will not be inhibited from asserting claims which deserve con-

sideration for fear of losing the right to attorney fees. But this Court is of the opinion that to hold that plaintiff is the prevailing party in this law suit would do violence to the requirement laid down by the Fifth Circuit Court of Appeals that to be regarded as the prevailing party, one must have prevailed on the central issue. Accordingly, the Court concludes that plaintiff's petition for attorney fees should be denied.

A judgment will be ordered in accordance with this opinion.