543 F.Supp. 785 (1982)
Lois Ellen FAST, Plaintiff,
v.
The SCHOOL DISTRICT OF the CITY OF LADUE, et al., Defendants.
No. 79-747C(1).
United States District Court, E. D. Missouri, E. D.
June 29, 1982.
Marilyn S. Teitelbaum, St. Louis, Mo., for plaintiff.
Robert G. McClintock, St. Louis, Mo., for defendants.

*786 MEMORANDUM AND ORDER
WANGELIN, Chief Judge.
This matter is before the Court upon plaintiff's motion for the award of nominal damages of One Dollar ($1.00) for the violation of her rights secured under 42 U.S.C. § 1983 and for an allowance of reasonable attorney's fees of over Twenty Three Thousand Dollars ($23,000) pursuant to 42 U.S.C. § 1988. Jurisdiction is predicated upon 28 U.S.C. §§ 1343; 2201-02; 42 U.S.C. § 1983.
The Supreme Court has made it clear that "the denial of procedural due process should be actionable for nominal damages without proof of actual injury." Carey v. Piphus, 435 U.S. 247, 266-67, 98 S.Ct. 1042, 1053-54, 55 L.Ed.2d 252 (1978). Since this Court found a denial by defendants of plaintiff's due process in that "due process requires that the teacher have a fair opportunity to respond to her selection as the least meritorious, but not prior to the initial decision," the award of One Dollar ($1.00) in nominal damages is proper and appropriate. Fast v. The School District of the City of Ladue, No. 79-747 C (1) Slip Op. at 7-8 (E.D.Mo. June 26, 1981).
Plaintiff has also moved for an award of attorney's fees and costs as a "prevailing party" within the meaning of the Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. § 1988.[1] Because the award of even nominal damages will buttress a substantial attorney's fee award, Perez v. University of Puerto Rico, 600 F.2d 1 (1st Cir. 1979), the only question left open, and urged by defendant, is whether plaintiff is indeed a "prevailing party" as intended by 42 U.S.C. § 1988.
A plaintiff need not be successful in all claims in order to be considered a prevailing party. Oldham v. Ehrlich, 617 F.2d 163, 168 n. 9 (8th Cir. 1980). Instead, it is sufficient to have a single issue determined in the plaintiff's favor which leads to the achievement of some of the benefits sought by bringing this suit. Reel v. Arkansas Department of Correction, 672 F.2d 693, 697 (8th Cir. 1982). So long as a plaintiff "essentially succeeds" on a main issue in her claim on the merits then that plaintiff is a prevailing party. Id; United States v. Citizens State Bank, 668 F.2d 444, 447 (8th Cir. 1982); Hughes v. Repko, 578 F.2d 483, 487 (3rd Cir. 1978). The prevailing party should ordinarily recover an attorney's fee unless special circumstances would render an award unjust. Newman v. Piggie Park Enterprises, Inc., 390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968), however, procedural or evidentiary matters are not matters upon which a party can be considered to have "prevailed". Hanrahan v. Hampton, 446 U.S. 754, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980).
Defendants' position is that "the Court did not give plaintiff any substantive relief nor did it give her any of the relief which she had requested." Response of Defendants to Plaintiff's Motion for Nominal Damages and Allowance of Attorneys' Fees at 3. The Court is urged to find that any relief granted plaintiff was merely procedural and therefore the award of attorney's fees would be an abuse of discretion in light of the cases that have construed the "prevailing party" language of 42 U.S.C. § 1988. See Best v. Boswell, 516 F.Supp. 1063 (M.D.Ala.1981); Bayside Enterprises, Inc. v. Carson, 470 F.Supp. 1140 (M.D.Fla. 1979); Ohland v. City of Montpelier, 467 F.Supp. 324, 349-50 (D.Vt.1979). Plaintiff counters by arguing that the Fourteenth Amendment procedural due process issue was in fact a substantive and major part of the case. Moreover, plaintiff maintains that the major goal of the case was to *787 establish a right for tenured teachers to a due process hearing when they were selected for layoff. See Plaintiff's Reply to Defendants' Memorandum in Opposition to Plaintiff's Motion for Summary Judgment at 2.
In order to determine whether plaintiff in fact prevailed on a significant or main issue, it is necessary to review the entire litigation. In her complaint, which was grounded on 42 U.S.C. § 1983 and the Fourteenth Amendment, plaintiff averred that defendants had (1) violated her procedural due process rights because the School Board failed to hold a full pre-termination hearing on her indefinite leave status (Count 1); (2) failed to establish ascertainable standards in determining which teachers would be placed on indefinite leave status (Count 2). Plaintiff requested a wide spectrum of legal and equitable relief including: monetary damages, back pay, reinstatement, notice and hearing prior to layoff, an injunction directing that plaintiff's personal file and other school records be expunged of any notations relating to her being placed on involuntary leave of absence, a written statement of the reasons plaintiff was selected for layoff, the right of confrontation and cross examination, the right to pre-hearing discovery procedures, right to representation by counsel, right to subpoena witnesses, and the right to submit relevant evidence. Plaintiff concluded her relief request with the catch all prayer that the Court "maintain jurisdiction of this cause until such time as defendants establish a hearing procedure in conformity with the requirements of the Fourteenth Amendment to the Constitution of the United States and 42 U.S.C. § 1983."
The lawsuit proceeded through normal discovery channels until plaintiff moved for partial summary judgment. Plaintiff's memorandum in support of its partial summary judgment motion parroted her complaint. The gist of plaintiff's summary judgment motion was a request for damages, a pre-termination hearing and for injunctive relief declaring § 168.124 (RSMo 1969) unconstitutional.
On June 26, 1981, the Court sustained plaintiff's partial summary judgment motion as to Count 1. The Court found that plaintiff possessed a constitutionally protected property interest in continued employment. Board of Regents of State Colleges v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). After reviewing the facts of the case and the applicable law, the Court decided that the due process due plaintiff required that the following procedures be followed: (1) plaintiff must be furnished with a reasonably adequate written statement of the basis for the initial decision to lay off; (2) plaintiff must be provided with a reasonably adequate description of a manner in which the initial decision was reached; (3) the information and data relied upon by the decision-makers must be disclosed to the plaintiff; and (4) plaintiff must be provided an opportunity to respond before an impartial board or tribunal. Fast v. The School District of the City of Ladue, supra, at 6.
Plaintiff subsequently dismissed Count 2 of her complaint. In accordance with the Court's memorandum, plaintiff was given a statement of the reasons and procedures which led to her layoff, and most importantly, plaintiff was advised that she could appear before the Board of Education at 7:30 p. m. on September 7, 1981 to respond to defendants' action. Plaintiff did not appear at said meeting, nor has Ms Fast ever indicated a desire to participate in the meeting ordered by the Court. It is also important to note that the "opportunity to respond" is a far cry from the type of pre-termination meeting requested in plaintiff's complaint and motion for summary judgment.
The case at bar is not unlike the situations presented in Best v. Boswell, supra; Ohland v. City of Montpelier, supra. In those cases, plaintiff requested a broad range of relief with emphasis on damages. While the courts found that plaintiff had been unconstitutionally denied his procedural due process rights in each case, nevertheless, an award of attorney's fees was deemed improper. The courts found that *788 the due process claims were "subsidiary" issues and were an insufficient basis on which to find plaintiff was the "prevailing party". Best at 1065-66; Ohland at 349-50.
In the instant lawsuit, plaintiff was awarded limited relief pursuant to the "minimal requirements" of due process as set out in Brouillette v. Board of Directors of Merged Area XIX, Alias Eastern Iowa Community College, 519 F.2d 126 (8th Cir. 1975); Johnson v. Board of Regents of the University of Wisconsin System, 377 F.Supp. 227, 235 (W.D.Wis.1974). No damage, injunctive back pay, pre-termination, reinstatement or representation of counsel relief was given in the matter before the Court. While the fact that plaintiff only won on a small fraction of those issues presented is not dispositive that plaintiff did not prevail on a significant issue, it is a cogent consideration. Also important is the fact that plaintiff gained relief only for herself  the lawsuit was never directed toward class relief. Therefore, plaintiff's argument that "the major goal of the case was to establish a right for tenured teachers to a due process hearing" is not persuasive. Plaintiff's Reply to Defendants' Memorandum, supra, at 2. Moreover, it is not clear to the Court, as plaintiff maintains, that plaintiff's primary concern was establishment of a prehearing procedure for laid off teachers. Rather, the various discovery requests filed with the Court and the motions presented to the Court focused as much or more on back pay and reinstatement as on a pre-layoff hearing procedure. Nor does the Court believe the term "significant issue" is to be equated with whether plaintiff was denied procedural due process. Although plaintiff did prevail on the issue of whether there was a procedural due process deprivation, the real issue was what due process was appropriate for plaintiff's situation. On that issue, it cannot be said that plaintiff was successful. Nowhere in plaintiff's complaint or motion for summary judgment is there a request for post-layoff hearing, which was the only substantive relief accorded plaintiff.[2]
In summary, the Court believes that plaintiff has not shown that the issue of a post-layoff hearing and a statement of the reasons for layoff represented a significant issue in this lawsuit. Furthermore, the Court is also of the opinion that "some of the benefits sought by bringing the suit", Reel v. Arkansas Department of Correction, supra, was not satisfied by the Court's Order of a post-layoff hearing. The best evidence of this is the fact that plaintiff never attended the meeting wherein an opportunity to respond before an impartial tribunal was made available.
The Court is in accord with the notion that the term "prevailing party" under § 1988 should be given a liberal construction to further the private attorney general concept, however, in so construing the term, the Court must be able to discern plaintiff's victory on a significant issue presented. On the facts of this case, the Court believes plaintiff's victory in having a post-layoff hearing ordered was a very minimal part of plaintiff's lawsuit and that the benefits ordered cannot fairly be considered the benefits desired by plaintiff. Accordingly,
IT IS HEREBY ORDERED that plaintiff's motion for the award of nominal damages of One Dollars ($1.00) be and is GRANTED; and
IT IS FURTHER ORDERED that plaintiff's motion for the allowance of attorney's fees pursuant to 42 U.S.C. § 1988 be and is DENIED.
NOTES
[1] 42 U.S.C. § 1988 provides in part:

In any action or proceeding to enforce a provision of §§ 1981, 1982, 1983, 1985 and 1986 of this Title, Title IX of Public Law 92-318, or in any civil action or proceeding, by or on behalf of the United States of America, to enforce, or charging a violation of, a provision of the United States Internal Revenue Code, or Title VI of the Civil Rights Act of 1964, the Court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.
This statute was amended by the Equal Access to Justice Act, 5 U.S.C. § 504 (1981).
[2] The language in plaintiff's complaint requesting the Court "establish a hearing procedure in conformity with the requirements of the Fourteenth Amendment to the Constitution of the United States and Title 42 U.S.C. § 1983" certainly cannot be equated with a request for a post-layoff hearing. Such a construction would sanction the award of attorney's fees under 42 U.S.C. § 1988 every time a plaintiff requested relief "in conformance with the Fourteenth Amendment" and a court granted plaintiff some shred of relief under the Fourteenth Amendment.