**Odis BEST, Plaintiff-Appellant,**

v.

**Charles A. BOSWELL, etc., et al., Defendants,**

**Ralph P. Eagerton, Jr., et al., Defendant-Appellee.**

No. 81-7598.

United States Court of Appeals, Eleventh Circuit.

Jan. 31, 1983.

Rehearing and Rehearing En Banc Denied March 22, 1983.

Alvin T. Prestwood, Claude P. Rosser, Jr., Montgomery, Ala., for plaintiff-appellant.

John J. Breckenridge, Asst. Counsel, Dept. of Revenue, Richard B. Garrett, Jr., Montgomery, Ala., for defendant-appellee.

Before GODBOLD, Chief Judge, FAY and SMITH *, Circuit Judges.

FAY, Circuit Judge:

Odis Best, a former employee of the Alabama Department of Revenue, appeals from the district court's rulings in an action pursuant to 42 U.S.C. Section 1983 denying motion for partial summary judgment, entering final judgment, denying a motion for a new trial, refusing to award equitable relief and refusing to award attorney's fees. Ralph Eagerton, Jr., Revenue Commissioner, one of the defendants at trial and the only appellee, cross appeals the district court's granting of partial summary judgment holding that Alabama Code Section 36–26–28 (1975) is unconstitutional. We affirm the district court on appeal as well as on cross appeal.

## FACTUAL BACKGROUND

By 1974, Odis Best had fifteen years experience as a Revenue Examiner for the state of Alabama, and was auditing the corporate and personal income tax returns of Elsie Estes, a widow without business acumen whose husband had been in the pulpwood business. Because of Best's actions, a tax lien was filed. In 1976, the lien remained unsatisfied and Best requested that a second execution of lien be prepared. That May, Best purchased one hundred acres of Estes' land for approximately $7,000.00. Best then executed a deed to twenty acres of this land to his son and "negotiated" a further sale of this same twenty acres to Mrs. Lee G. Stephens for $9,000.00, two thousand dollars more than Best had paid for the entire parcel of which he still owned eighty percent. By November, Estes filed suit against Best alleging that Best had deceived her and exercised undue influence upon her in effecting the purchase of the real property.

Mrs. Stephens, the purchaser of the twenty acres, became alarmed. On February 3, 1977 as a result of their attorneys' negotiations, Best paid Stephens $10,000.00 and Stephens executed a quitclaim deed to the twenty acres. The law suit between Estes and Best was resolved by settlement during 1978.

As a result of what has been termed the "Estes matter," Best was demoted by then Revenue Commissioner Boswell from his supervisory position. Eagerton assumed the office of Revenue Commissioner on January 15, 1979. There is some disagreement as to Eagerton's statements regarding reinstatement of Best to a supervisory position. Best was not reinstated and instituted the present action, which did not name Eagerton or the Department of Revenue as a defendant.[1] In December 1979, Eagerton learned that, despite an agreement with Best and his attorney to the contrary, Eagerton was going to be added as a defendant in the suit. At this time, Eagerton reviewed Best's income tax returns and discovered that the Estes-Stephens land transactions had not been reported. Correspondence between Eagerton and Best ensued. A meeting also occurred between the two men in which Eagerton told Best that if Best did not adhere to the agreement not to name Eagerton as a defendant, Eagerton would fire him. Best's returns were assigned to an auditor with instructions to keep the audit confidential.

---

* Honorable Edward S. Smith, U.S. Circuit Judge for the Federal Circuit, sitting by designation.

1. The initial complaint, filed June 12, 1979, named as defendants Boswell, Atkins (Director of the Field Division of the Alabama Department of Revenue) and Bradshaw (Director of the Income Tax Division of the Alabama Department of Revenue). Defendant Atkins was subsequently dismissed with the consent of all parties. R. 463. Boswell and Bradshaw remained defendants in the several amendments to the complaint, however, the jury decided the issues in favor of these defendants and the demotion issue is not raised on appeal.

The auditor and Best communicated both by mail and in person. The auditor, Johnson, reported that Best was not furnishing requested information and that Best was using his expertise in Alabama tax law to thwart the audit. On the basis of this information, and without a hearing, Eagerton suspended Best from his position for two weeks. The propriety of this suspension is the subject of the cross appeal.

While Best was suspended, the Department of Revenue issued a subpoena for records and such records were examined. Additional records were requested and Best's attorney agreed to produce these records at a later date. In the interim, however, the auditors presented their results on Best's audit to Eagerton and Revenue Department attorneys. The attorneys advised Eagerton that sufficient grounds existed to dismiss Best from employment. On July 16, 1980, Eagerton drafted the dismissal letter,[2] which Best received the next day.[3]

Best's attorney requested that the reasons for dismissal be delineated with greater specificity, and Eagerton complied by sending a letter as follows:

Dear Mr. Best:

Pursuant to the request of your attorney, Alvin Prestwood, for an itemization in detail of the reasons for your dismissal from the employment of the State of Alabama, Department of Revenue, the following constitute the specifics of the charges contained in your letter of dismissal dated July 16, 1980 and July 17, 1980, in which you were advised of my reasons to believe that you have filed false or fraudulent returns for the calendar years 1976, 1977 and 1978.

CHARGE 1: You received money from the sale of a parcel of land which was not reported.

Sale of 20 acres of land purchased from Mrs. Elsie B. Estes and located in Autauga County, Alabama in August 1976 for the sum of $9,000.00, resulting in a taxable gain which was not reported in your 1976 Alabama income tax return.

CHARGE 2: You sold personal assets which were not reported.

A. 1972 Rambler Ambassador 4-Dr. Sedan—the income from which was not reported for 1976.

B. 1970 Plymouth Fury 4-Dr. Sedan—the income from which was not reported for 1977.

C. 1972 Dodge—the income from which was not reported for 1977.

D. 1973 Ford—the income from which was not reported for 1977.

E. 1974 Ford Galaxie 4-Dr. Sedan—the income from which was not reported for 1978.

F. Boat—the income from which was not reported for 1977.

**2.** The letter stated:

Dear Mr. Best:

You have worked in this Department for over eighteen years. Fifteen of those years as a Revenue Examiner conducting income tax audits and three years supervising examiners performing income tax audits.

I have always assumed that with this experience, you had a good understanding of the Alabama statutes as they relate to income tax.

The results of an audit of your and your wife's income tax reports for the calendar years 1976, 1977 and 1978 gives me reason to believe that you have filed false or fraudulent returns for those years as to the following:

1. You received money from the sale of a parcel of land which was not reported.
2. You sold personal assets which were not reported.
3. You failed to furnish records to substantiate certain deductions claimed.

4. You have failed to give your whole-hearted cooperation during the conduct of this audit as befits an employee of the Department of Revenue, in my opinion.

In view of the above, I have no alternative but to dismiss you from State service as of 5:00 o'clock P.M., July 16, 1980.

If you would like a hearing on these charges, I will arrange one for you for 2:00 P.M., July 23, 1980.

Please inform me of your wishes in this regard.

Very truly yours,
Ralph P. Eagerton, Jr.
Commissioner of Revenue

**3.** Because the letter was not delivered to Best until the following day, the effective date of dismissal was amended to 5:00 P.M., July 17, 1980.

CHARGE 3: You failed to furnish records to substantiate certain deductions claimed.

In conjunction with an official investigation of your state income tax return for calendar year 1976, you were requested by me to furnish documentation to support your claim for deduction for contributions, interest expense, casualty loss and your claim of a dependent exemption for M.D. Best. In lieu thereof, you tendered to me a check in the amount of $117.24 for additional taxes owed. As of this date, you have failed to provide such substantiation as to contributions and the dependent claimed.

CHARGE 4: You failed to give your whole-hearted cooperation.

You failed to produce the documents and information referred to in # 3 above. In addition, you have repeatedly failed to furnish documents and information to revenue examiners, David Johnson and James R. Hodges requested by them in order to complete their audit. On more than one occasion you have broken appointments with these examiners and have walked out during meetings with these examiners. On more than one occasion you have told these examiners that you would not comply with their requests for information and documents unless such requests were put in writing. You also failed to furnish information and documentation upon the repeated requests of these examiners in conjunction with the purchase and sale of land set out in paragraph 1 above and in conjunction with the purchase and sale of the personal property set out in paragraph 2 above.

As your attorney was apprised in court on July 18, this is to inform you that due to my being a party in the case of *Best v. Boswell,* I consider that it would be in your best interest and would insure a fair and impartial hearing for me to name a designee to conduct the hearing now set for August 8, at 2:00 P.M. I plan to name such a designee unless you have objections to my doing so. If you do, please communicate any objections and the reasons therefor, to me prior to the scheduled hearing.

.          /s/Ralph Eagerton

Best declined to have a designee named and was thereafter afforded a hearing before Commissioner Eagerton on August 11, 1980. Eagerton affirmed the termination.[4] Best had previously notified the State Personnel Board that he wished to appeal. The State Personnel Board held a hearing on February 18, 1981 lasting over thirteen hours at which both sides were represented by counsel, called witnesses, cross-examined witnesses and introduced evidence. The Board sustained Best's dismissal and Best did not appeal.

In federal district court, Best pursued his Section 1983 action, amending the complaint several times. The district judge granted Best's motion for partial summary judgment and held that "a merit system employee may not be suspended without some kind of notice and some kind of hearing and that Alabama Code Section 36–26–28 is unconstitutional insofar as it permits suspensions without a prior hearing." The district judge therefore entered judgment in Best's favor for back pay during the

4. Dear Mr. Best:

Pursuant to the policies of this department and upon the request of your attorney, Mr. Alvin Prestwood, an administrative hearing was held at 2:00 p.m., on August 11, 1980, concerning certain charges of which you had previously been notified. At such hearing, you were afforded an opportunity to present any evidence, testimony, documents, call any witnesses and present any argument that you or your attorney might choose to present. Also at your request, made through Mr. Prestwood, I acted as the hearing officer at such hearing. After having carefully weighed and considered all of the evidence and arguments presented at the hearing on August 11, 1980, it is my opinion that based upon the evidence presented to me, there is ample reason to believe that each of the charges against you are true and correct and that your termination from state employment should be upheld. Accordingly, I hereby so hold and affirm the termination, of which you have previously been notified.

/s/   Ralph Eagerton

period of Best's suspension (May 30, 1980 through June 13, 1980) and Eagerton cross-appeals the entry of this judgment.

The cause proceeded to jury trial and the jury found in favor of all defendants and judgment was entered accordingly. The district court denied Best's motion for new trial, or alternatively to award injunctive relief in the form of reinstatement with full back pay as well as Best's motion for attorneys' fees. *Best v. Boswell,* 516 F.Supp. 1063 (M.D.Ala.1981). Best timely filed a notice of appeal and raises the following issues for our consideration: whether the district court should have granted Best a new trial on the ground that the jury verdict was contrary to the great weight of the evidence; whether the district court should have awarded Best equitable relief; whether the post termination hearing was sufficient to cure any pretermination deficiencies regarding Best's dismissal; and whether Best is entitled to an award of attorneys' fees. Eagerton cross-appealed on the issue of the constitutionality of Alabama Code Section 36–26–28 (1975).

## LEGAL DISCUSSION

*The Jury Verdict and Equitable Relief*

■ Best contends that the jury verdict in favor of Eagerton on the damage claim was against the great weight of the evidence. However, Best's brief on appeal belies any conviction that this contention deserves serious attention, for it states:

> The evidence in this case is supportive of a jury's conclusion that although Eagerton violated the plaintiff's constitutional rights in effecting the plaintiff's termination he, individually, should not be held liable in damages because of the qualified immunity doctrine. That doctrine provides that executive officials who act upon an objective and subjective good faith belief that their actions are proper and lawful cannot be held liable in damages.
>
> This defense was covered in the jury charges and the application of this defense is particularly appropriate in light of his repeated testimony that he relied

on the information and advice of third parties. . . .

> Given this evidence, a jury could reasonably conclude that Eagerton, individually, should not be liable in damages because he relied in good faith on information supplied to him by his subordinates and his attorneys and that his actions therefore should be insulated by the qualified immunity defense. It must be remembered however, that . . . qualified immunity . . . extends only to liability for damages. The qualified immunity doctrine poses no barrier to an award of equitable, injunctive or declaratory relief. [citations omitted].

Brief of Appellant at 20–21. Appellant Best then commences to discuss the propriety of the trial court's failure to award equitable relief. We agree with Best's concession that the jury verdict was supported by the evidence, although not necessarily his reasoning, and therefore proceed to the issue concerning equitable relief. The parties had agreed that the issue of equitable relief would be decided by the judge after the jury verdict. In such a situation, the role of the trial court is to "exercise its limited discretion to determine the propriety of equitable relief *based on the facts as found by the jury.*" *Williams v. City of Valdosta,* 689 F.2d 964, 977 (11th Cir.1982).

■ The district court declined to afford Best equitable relief because it concluded that implicit in the jury verdict were findings that Eagerton did not discharge Best because Eagerton was a defendant in the lawsuit; that Eagerton's decision to dismiss Best was not arbitrary or capricious; and that Eagerton had good cause to dismiss Best. 516 F.Supp. at 1064–65. The district court found that the jury verdict was "supported by substantial evidence and was not against the great weight of the evidence." *Id.* at 1065. While the district court did not make explicit findings of fact as to the reasons for Eagerton's discharge of Best, its interpretation of the jury verdict and conclusion that the verdict was supported by substantial evidence is an "implicit finding" which should not be disturbed absent a con-

clusion that it is clearly erroneous. *United States v. Second National Bank of North Miami,* 502 F.2d 535, 547 (5th Cir.1974).

■ Appellant Best contends that he was fired for including Eagerton in the lawsuit. One can not be constitutionally discharged because of the filing of a lawsuit unless the act would affect the employee's ability to perform his job. *Garza v. Rodriguez,* 559 F.2d 259 (5th Cir.1977). There is no issue in *Best's* case that the litigation would interfere with his job performance. Instead, the issue is one of causation. The United States Supreme Court articulated the applicable standard in *Mt. Healthy City Board of Education v. Doyle,* 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977). The burden is placed on plaintiff to show that his conduct was constitutionally protected and that this conduct was a "substantial factor" or a "motivating factor" in the employer's adverse action. The court must then determine whether the employer has shown by a preponderance of the evidence that it would have reached the same decision even in the absence of the protected conduct. *Id.* at 287, 97 S.Ct. at 576.

The district court implicitly found that Best's inclusion of Eagerton in the law suit was not a substantial factor or motivating factor in Best's dismissal. Eagerton's remark to Best that he would be fired because of the inclusion of Eagerton in the lawsuit occurred seven months prior to the dismissal. During the interim, the intervening audit revealed facts which were considered in the decision to dismiss and Best's conduct during the audit also contributed to the dismissal. We find that the trial court properly exercised its "limited discretion to determine the propriety of equitable relief *based on the facts as found by the jury,"*

*Williams v. City of Valdosta, supra,* and affirm the denial of equitable relief.

*The Pre- and Post-Termination Hearings*

■ In its Memorandum Opinion and accompanying Judgment of April 29, 1981, (R. at 467–471) the district court held that Best had a protected property interest in his employment[5] and was entitled to procedural due process in relation to his dismissal. We agree. The district court concluded that Commissioner Eagerton's failure to provide a pretermination hearing violated Best's procedural due process rights, but that a subsequent due process hearing was sufficient to cure the defect,[6] relying on *Glenn v. Newman,* 614 F.2d 467 (5th Cir. 1980).

Appellant Best contends that the post termination proceeding did not satisfy the requirements of procedural due process. Yet there is little to distinguish the facts surrounding Best's termination from those in *Glenn v. Newman.* In *Glenn,* the court held that any error involved in the pretermination procedure was cured by the post-termination proceedings where

Glenn received written notice of the charges against him and was given sufficient time to prepare for the hearing. At the hearing, he was represented by an attorney who examined and cross-examined witnesses on his behalf, and he was allowed to present his case orally.

*Id.* at 472. After Best received a notice of dismissal outlining the charges against him, *see* note 2 *supra,* his attorney requested a more detailed statement which was supplied, *see* text *supra.* Best requested a hearing and one was held on August 11, 1980. Best now contends that this hearing was insufficient because the employer did

---

5. The district court found that the provisions of the Alabama Merit System Act, Alabama Code Section 36–26–1 et seq., provided Best with a "legitimate claim of entitlement" to his continued state employment as required by *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972).

6. The district court awarded Best back pay from the time of termination until the post-termination hearing, prior to *Wilson v. Taylor,* 658

F.2d 1021 (5th Cir.1981), a Unit B case decided October 13, 1981, which held that the former employee "may not recover—as damages for the procedural due process violation—back pay ... which would have accrued had [he] worked from the date of the procedurally improper discharge ... until the date of the procedurally improper hearing." *Id.* at 1035. Commissioner Eagerton, however, voluntarily paid the back wages and they are not an issue on appeal.

not introduce evidence to sustain the decision to terminate Best. Best had received written notice of the charges against him, had sufficient time to prepare, was represented by an attorney and was allowed to present his case. Further, after the hearing before Commissioner Eagerton, Best was afforded a full evidentiary hearing before the state Personnel Board at which both sides presented evidence, were represented by counsel, and examined and cross-examined witnesses. The state Personnel Board sustained Best's dismissal.

While we do not condone the utilization of post-termination hearings as a substitute for pre-termination procedural due process, in this case the post termination procedures were sufficient to cure any pre-termination defect. *Wilson v. Taylor,* 658 F.2d 1021 (5th Cir.1981); *Glenn v. Newman, supra.*

*Attorney's Fees*

The district court rejected Best's claim for attorney's fees under 42 U.S.C. Section 1988 on the ground that he failed to meet the statutory requirement of being a "prevailing party." 516 F.Supp. at 1065. Best contends that he is a prevailing party within the meaning of Section 1988 since he was awarded back pay for procedural due process violations relating to his suspension and his pre-termination proceeding, *see* note 7, *supra.*

■ In determining whether Best is a prevailing party within the meaning of 42 U.S.C. Section 1988, "the proper focus is whether the plaintiff has been successful on the central issue." *Iranian Students Association v. Edwards,* 604 F.2d 352, 353 (5th Cir.1979). Further, "a prevailing party need not have prevailed on all issues; it is sufficient that plaintiffs prevail on the main issue." *Ramos v. Koebig,* 638 F.2d 838, 845 (5th Cir.1981).

■ The procedural due process claims in this case accrued after the suit had been filed, were added by amendment and were resolved by partial summary judgment. The trial lasted over one week and resulted in jury verdicts in favor of all the defendants. We cannot logically construe the procedural due process claims as the "central issue" or "main issue" in a suit which sought reinstatement and one million dollars. We agree with the district court that Best's "success on his procedural due process claim against defendant Eagerton was a very minimal part of plaintiff's law suit," 516 F.Supp. at 1066. The district court was correct in its conclusion that Best was not a "prevailing party" under 42 U.S.C. Section 1988 and was not entitled to attorney's fees.

*The Constitutionality of Alabama Code Section 36–26–28*

■ On cross-appeal, Commissioner Eagerton appeals the district court's holding that Alabama Code Section 36–26–28 is unconstitutional. The Alabama statute provides:

> An appointing authority may, from time to time, peremptorily suspend any employee without pay or other compensation and without the right of a hearing as punishment for improper behavior, but such suspension or total suspension by such appointing authority of such person shall not exceed 30 days in any year of service. Such suspension with loss of pay may be effected only by service upon the employee by the appointing authority of written charges setting out clearly the delinquency for which such suspension was made, a copy of which must be at the same time mailed or delivered to the director. The suspended employee shall have the right to file with the board and the appointing authority a written answer or explanation of such charges.

Alabama Code Section 36–26–28 (1975).

Best was suspended, without a prior hearing, for two weeks. The district court, relying on *Goss v. Lopez,* 419 U.S. 565, 95 S.Ct. 729, 42 L.Ed.2d 725 (1974), awarded Best back pay for the period of suspension and held that "a merit system employee may not be suspended without some kind of notice and some kind of hearing and that Alabama Code Section 36–26–28 is unconstitutional insofar as it permits suspensions without a prior hearing." (R. at 469).

The Alabama Code invests state merit system employees with a protected property interest. Thus, before that interest can be suspended, employees "must be given *some* kind of notice and afforded *some* kind of hearing." *Goss v. Lopez,* 419 U.S. at 579, 95 S.Ct. at 738 (emphasis in original). We need not decide the nature of the opportunity to be heard which should be provided to Alabama's merit system employees, but only agree with the district court's conclusion that the statute's unequivocable statement "without the right of a hearing" is unconstitutional.

*Conclusion*

Having considered the issues raised on appeal and on cross appeal, the judgments of the district court are AFFIRMED.