The **MIAMI HERALD PUBLISHING CO., et al., Plaintiffs-Appellees, Cross-Appellants,**

v.

**CITY OF HALLANDALE, et al., Defendants-Appellants, Cross-Appellees.**

No. 82–5834.

United States Court of Appeals, Eleventh Circuit.

Aug. 31, 1984.

to proffer legitimate, nondiscriminatory reasons     for such action.

Legal Dept., City of Hallandale, Richard Kane, James Schoenbrod, Hallandale, Fla., for City of Hallandale.

Thomson, Zeder, Bohrer, Werth, Adorno & Razook, Sanford L. Bohrer, Miami, Fla., for plaintiffs-appellees, cross-appellants.

Before ANDERSON and CLARK, Circuit Judges, and DUMBAULD *, District Judge.

BY THE COURT:

█ The appellees/cross-appellants move this court for clarification of the panel opinion, 734 F.2d 666 (11th Cir.1984), in this case, as it affects Miami Herald's cross-appeal respecting attorney fees. In order for Miami Herald to be entitled to attorney fees pursuant to 42 U.S.C. § 1988, it must qualify as a "prevailing party" under the statute. In determining whether Miami Herald is a prevailing party, "the proper focus is whether the plaintiff has been successful on the central issue"; "a prevailing party need not have prevailed on all the issues; it is sufficient that plaintiffs prevail on the main issue." *Best v. Boswell*, 696 F.2d 1282, 1289 (11th Cir.1983); see also *Iranian Students Association v. Edwards*, 604 F.2d 352, 353 (5th Cir.1979), *Ramos v. Koebig*, 638 F.2d 838, 845 (5th Cir.1981).

█ The main or central issue in this case is whether the licensing system in Chapter 16 of the Hallandale City Code infringes upon the Miami Herald's rights under the First Amendment. In the panel opinion, we observed that "with one exception, the contested provisions concern themselves exclusively with establishing a system whereby the owners of vending machines are to pay a set fee as a precondition to engaging in business within city limits, and to that extent merely impose a revenue-raising occupational license tax—a tax under state law." In light of that observation, we held that the district court lacked jurisdiction to hear the merits of Miami Herald's claims with respect to all but the single non-tax related provision. Given that the non-tax provision constituted a very small segment of the ordinance challenged, and that the focus of Miami Herald's concern is upon those provisions requiring the newspaper to pay a license tax, we conclude that the Miami Herald is not a prevailing party within the meaning of 42 U.S.C. § 1988, and is therefore not entitled to attorney fees. The Miami Herald's suggestion that it has "prevailed" because its claims were not rejected on the merits is ill taken. Prevailing for purposes of § 1988 is exhibited by the fact that the litigant "has acquired the primary relief sought." *Iranian Students Association v. Edwards*, 604 F.2d 352, 353 (5th Cir.1979). This the Herald has not done.

IT IS ORDERED that appellees' motion for attorney fees is DENIED and the judgment of the district court awarding appellees attorney fees is REVERSED.