Ana M. UVIEDO, Plaintiff-Appellee,

v.

STEVES SASH AND DOOR COMPANY, Defendant-Appellant.

No. 83–1415.

United States Court of Appeals, Fifth Circuit.

May 13, 1985.

George P. Parker, Theo. F. Weiss, San Antonio, Tex., for defendant-appellant.

Les Mendelsohn, Barry H. Beer, San Antonio, Tex., for plaintiff-appellee.

Susan Buckingham Reilly, Atty., E.E. O.C., Washington, D.C., for amicus E.E. O.C.

ON SUGGESTION FOR REHEARING EN BANC

(Opinion 2/1/85, 5 Cir., 1985, 753 F.2d 369).

Before THORNBERRY, WILLIAMS and GARWOOD, Circuit Judges.

PER CURIAM:

Treating the suggestion for rehearing en banc as a petition for panel rehearing, the petition for panel rehearing is DENIED. The judges in regular active service of this Court having been polled at the request of one of said judges and a majority of said judges not having voted in favor of it (Fed-

eral Rules of Appellate Procedure and Local Rule 35), the suggestion for Rehearing En Banc is DENIED.

Before CLARK, Chief Judge, GEE, RUBIN, REAVLEY, POLITZ, RANDALL, TATE, JOHNSON, WILLIAMS, GARWOOD, JOLLY, HIGGINBOTHAM, DAVIS and HILL, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge, with whom POLITZ, RANDALL, TATE, JOHNSON and WILLIAMS, Circuit Judges, join, dissenting:

I respectfully dissent from the court's refusal to reconsider this decision en banc. Only the Fifth and the Eleventh Circuits make it so difficult for a plaintiff who obtains a judgment in a lawsuit to be identified as the prevailing party.

In *Hensley v. Eckerhart*,[1] the Supreme Court described a typical formulation for determining who are prevailing parties: " 'plaintiffs may be considered "prevailing parties" for attorney's fees purposes if they succeed *on any significant issue* in the litigation *which achieves some of the benefit* the parties sought in bringing suit,' "[2] quoting the First Circuit's opinion in *Nadeau v. Helgemoe*.[3] Every circuit court that has considered the question since *Hensley* has followed this standard, except the Eleventh, which has simply followed the Fifth Circuit pre-*Hensley* formulation.[4] Success on any significant issue now suffices in eleven circuits: not only the First, but also the District of Columbia,[5] Second,[6] Third,[7] Fourth,[8] Sixth,[9] Seventh,[10] Eighth,[11] Ninth,[12] Tenth,[13] and Federal circuits.[14] Indeed a panel of this court has endorsed the any-significant-issue test. In *Posada v. Lamb County, Texas*,[15] the opinion, quoting *Hensley* states: "Plaintiffs may be considered to have prevailed if 'they succeed on any significant issue in litigation which achieves some of the benefit the party sought in bringing the suit.' " In *Commonwealth Oil Refining Co. v. EEOC*,[16] however, we had adopted a different test, which the panel followed in this case.

The *Commonwealth Oil* rule violates the purpose of the fee provision of Title VII, which, as stated by the Supreme Court in *Christiansburg Garment Company v.*

---

1. 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

2. 461 U.S. at 433, 103 S.Ct. at 1939. *See generally*, L. Bartell, "Federal Court Award of Attorney's Fees," 2 ALI–ABA Civil Practice and Litigation in Federal and State Courts 1057, 1111–12 (2d ed. 1984) and cases cited therein.

3. 581 F.2d 275, 278–79 (1st Cir.1978) (emphasis added).

4. *See, e.g., Miami Herald Publishing Co. v. City of Hallandale*, 742 F.2d 590, 591 (11th Cir.1984) (post-*Hensley*); *Best v. Boswell*, 696 F.2d 1282, 1289 (11th Cir.), *cert. denied*, —— U.S. ——, 104 S.Ct. 103, 78 L.Ed.2d 107 (1983) (pre-*Hensley*); *Doe v. Busbee*, 684 F.2d 1375, 1378–80 (11th Cir.1982) (pre-*Hensley*).

5. *See Miller v. Staats*, 706 F.2d 336, 340–41 (D.C. Cir.1983) (pre-*Hensley*).

6. *Gingras v. Lloyd*, 740 F.2d 210, 212 (2nd Cir. 1984) (post-*Hensley*).

7. *Abraham v. Pekarski*, 728 F.2d 167, 175 (3d Cir.), *cert. denied*, —— U.S. ——, 104 S.Ct. 3513, 82 L.Ed.2d 822 (1984) (post-*Hensley*).

8. *Lutz Realty Co., Inc. v. U.S. Dept. of Housing*, 717 F.2d 929, 931 (4th Cir.1983) (post-*Hensley*).

9. *Kentucky Association for Retarded Citizens, Inc. v. Conn*, 718 F.2d 182, 186–187 (6th Cir. 1983) (post-*Hensley*).

10. *Mary Beth G. v. City of Chicago*, 723 F.2d 1263, 1276–77 (7th Cir.1983) (post-*Hensley*).

11. *Fast v. School Dist. of City of Ladue*, 728 F.2d 1030, 1032 (8th Cir.1984) (en banc) (post-*Hensley*).

12. *Lummi Indian Tribe v. Oltman*, 720 F.2d 1124, 1125 (9th Cir.1983) (post-*Hensley*).

13. *In re Kansas Congressional Dists. Reapportionment Cases*, 745 F.2d 610, 612 (10th Cir. 1984) (post-*Hensley*).

14. *Austin v. Dept. of Commerce*, 742 F.2d 1417, 1419 (Fed.Cir.1984) (post-*Hensley*).

15. 716 F.2d 1066, 1071 n. 6 (5th Cir.1983) (post-*Hensley*).

16. 720 F.2d 1383 (5th Cir.1983), *reh. en banc denied*, 734 F.2d 1479 (5th Cir.1984).

*EEOC*,[17] is to "make it easier for a plaintiff of limited means to bring a meritorious suit."[18] Because the Title VII plaintiff is a "private attorney general," vindicating a policy of the highest priority, a prevailing plaintiff is to be awarded fees in "all but special circumstances."[19]

Whether a party has prevailed is, the Supreme Court instructs us in *Hensley*, a threshold determination.[20] Deciding this question by a "generous formulation," however, "brings the plaintiff only across the statutory threshold." It does not assure the prevailing party munificent recompense, for, as *Hensley* states, "It remains for the district court to determine what fee is reasonable."[21] *Uviedo* and *Commonwealth* elevate this threshold into a stumbling block, depriving successful and meritorious suitors even the reasonable reimbursement determined after the district court's scrutiny of hours actually worked, how much of this time was reasonably expended, counsel's hourly rates, the plaintiff's failure to succeed on some of the claims presented, and the other factors that *Hensley* requires to be considered in making an equitable judgment.

*Hensley* directs that "[a] request for attorney's fees should not result in a second major litigation."[22] The application of the central-issue test guarantees increasingly protracted and complicated litigation over fees applications in an effort to distinguish centrality from significance. This case was filed eight years ago, yet litigation over attorney's fees continues long after the substantive issues have been decided. The *Nadeau* test fulfills the purpose of Congress, facilitates judicial administration, and reduces litigation expense. It is time for us to adopt it and to make the threshold an entry rather than a barrier.

17. 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978).

18. *Id.* at 420, 98 S.Ct. at 699, *quoting* Remarks of Senator Humphrey at 110 Cong.Rec. 12724 (1964).

19. *Id.* at 417, 98 S.Ct. at 698 (citations omitted).

20. *Hensley, supra,* 461 U.S. at 433, 103 S.Ct. at 1939.

