**Ethel Ann Bricker DEAN, Appellant,**

v.

**Benjamin R. CIVILETTI, in his official capacity as Attorney General of the United States of America, Appellee.**

No. 81–1542.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 13, 1982.

Decided Feb. 9, 1982.

Stuart E. Schiffer, Acting Asst. Atty. Gen., Washington, D. C., James R. Britton, U. S. Atty., Fargo, N. D., Robert S. Greenspan, Frederick Geilfuss, argued, Attys., Civil Division, U. S. Dept. of Justice, Washington, D. C., for appellee.

Michael Ward, Minot, N. D., for appellant.

Before LAY, Chief Judge, and ROSS and ARNOLD, Circuit Judges.

PER CURIAM.

Ethel Bricker Dean brought suit under Title VII of the Civil Rights Act of 1964 alleging that the United States Marshal Service discriminated against her on the basis of sex in not accepting her application for transfer to the position of deputy marshal assigned to Bismarck, North Dakota. She also alleges that after the filing of her discrimination complaint the United States Marshal engaged in retaliatory behavior against her, forcing her to resign from her position. She appeals from the decision of the district court denying her back pay and reinstatement in the Marshal Service.

We modify and affirm the decision of the district court.

In 1977 Ethel Bricker was a United States Deputy Marshal stationed in the District of Colorado. While on special assignment she met and later decided to marry Robert Dean, a Missile Escort United States Deputy stationed in Minot, North Dakota.

In the summer of 1977 both Bricker and Dean were seeking to transfer to jobs within the same geographic area. At the same time, the United States Marshal for the District of North Dakota, Alvin Bumann, and his Chief Deputy, Harold Warren,[1] were attempting to obtain authorization from the Marshal Service to hire two additional deputies. One of the vacancies was intended for Bismarck, North Dakota.

On July 1, 1977, the position of deputy marshal assigned to Bismarck, North Dakota, was advertised. Because of the great difficulty in finding applicants willing to accept assignment in North Dakota, Warren, having heard of Bricker and Dean's marriage plans, had been in touch with them prior to the announcement of the position. He indicated that if one of them was interested in the position, the other could probably later be transferred to Bismarck to replace a deputy who was scheduled to retire in January 1978. Bricker contends that she applied for the vacancy with this understanding.

Bricker and Dean both applied for the job but Dean later withdrew his application, leaving Bricker as the sole applicant. Bricker was, according to all witnesses, highly qualified for the job.

The United States District Judge at Bismarck, upon learning of the intended arrangement which would result in a husband and wife team being the only deputy marshals stationed in Bismarck, made his objections to the transfer known to Warren and his superiors. Shortly thereafter the vacancy was withdrawn. Bricker initiated a formal complaint with the Marshal Service August 26, 1977. In September 1977 a vacancy in the Fargo office was advertised.

---

1. Warren replaced Bumann as United States Marshal for the District of North Dakota on July 1, 1977.

Bricker applied for and was hired for the position. The Bismarck vacancy was again opened after Bricker accepted the Fargo position. She testified that she accepted the Fargo position with the understanding that Dean would be transferred to Fargo upon the promotion of another Fargo deputy to chief deputy. That promotion never occurred and Dean remained stationed at Minot, North Dakota. Bricker and Dean were married in December 1977. Bricker's complaint also alleges that after their marriage the Marshal Service initiated a program of harassment against them intended to preclude them from transferring to another district.

It is evident from the record that considerable discord developed between the Deans and Warren as a result of the thwarted transfers.

On April 7, 1978, Bricker Dean resigned from the Marshal Service following a dispute with Warren over her allegedly late return from a trip for which she had used annual leave. Bricker Dean contends that she was constructively discharged as a result of the retaliatory actions of her supervisors.

At the close of a nonjury trial the district court determined that the Marshal Service did discriminate against Bricker Dean in withdrawing the Bismarck vacancy for which she was qualified and was the sole applicant. It found no discrimination against Bricker Dean on the basis of her other discrimination complaint relating to her resignation and consequently no constructive discharge. Despite the finding of discrimination, however, the district court concluded that special circumstances prevented Bricker Dean from obtaining the requested relief. It found no evidence that the failure to transfer her to Bismarck caused any loss of income or benefits. The district court noted that denial of the transfer did not in any way force Bricker Dean to leave her job in Colorado or resign from her Fargo position.

Bricker Dean urges on appeal simply that she is entitled to back pay and reinstatement in the Marshal Service at a location where she and her husband would be able to live and work in the same area.

A thorough review of the record convinces us that the district court was correct in finding that the Marshal Service discriminated against Bricker Dean in withdrawing the Bismarck vacancy but that there had been no subsequent discrimination on the basis of her complaint and therefore no constructive discharge. However, we disagree with the district court's conclusion that Bricker Dean is entitled to no relief. We find that having prevailed on the discrimination issue involving the Bismarck vacancy she is entitled to recover nominal damages of at least $1 as well as reasonable attorney's fees for proceedings in the district court.[2] Moreover appellants' attorney is hereby directed to make application for attorney's fees incurred in conjunction with this appeal. That portion of the district court order denying relief is hereby vacated and remanded for further proceedings in accordance with the views expressed in this opinion.

---

2. Bricker Dean requested that she be reinstated as a Deputy United States Marshal and that she and her husband, now stationed in Las Vegas, be assigned to the same city. This type of relief is not justified under these facts and the district court was correct in denying it. The only injunctive relief to which she would be entitled is reinstatement in Bismarck, which she no longer wants unless her husband is transferred there with her.