Lois Ellen FAST, Appellant,

v.

The SCHOOL DISTRICT OF CITY OF LADUE, and Dr. Henry E. Oppenheimer; James L. Zemelman; Edward A. O'Donnell; Janice E. Schoenfeld; Susan L. Bouma; Dr. Jerome F. Levy; Charles Cobaugh; Barbara Sacks; Arlene Jarett; Dr. William Raisch and Dr. Charles D. McKenna, Appellees.

No. 82–1906.

United States Court of Appeals, Eighth Circuit.

Submitted April 14, 1983.

Decided July 28, 1983.

Rehearing and Rehearing En Banc Granted Sept. 27, 1983.

Marilyn S. Teitelbaum, Schuchat, Cook & Werner, St. Louis, Mo., Robert H. Chanin, Robert M. Weinberg, A. Richard Feldman, Bredhoff & Kaiser, Washington, D.C., for appellant.

Robert G. McClintock, St. Louis, Mo., for appellees.

Before ARNOLD, Circuit Judge, and FLOYD R. GIBSON and HENLEY, Senior Circuit Judges.

HENLEY, Senior Circuit Judge.

Plaintiff Lois Ellen Fast appeals the district court's denial of attorney's fees in this action brought under 42 U.S.C. § 1983. We affirm the judgment of the district court.[1] 543 F.Supp. 785.

On April 13, 1978 plaintiff, a full-time tenured science teacher in the School District of Ladue, received a letter from the School Board informing her that because of a decline in pupil enrollment she would be placed on leave of absence at the beginning of the 1978–79 school year. The applicable Missouri law required the School Board to lay off non-tenured teachers first and then tenured teachers on the basis of merit in the pertinent field of specialization. Mo. Rev.Stat. § 168.124. In the present case, it appears that plaintiff was the only tenured teacher to be placed on leave of absence.

Plaintiff wrote to defendant Charles McKenna, the School District Superintendent, on April 22, 1978, objecting to the Board's action and requesting information concerning the basis for the Board's selection. McKenna replied on April 27, stating

1. The Honorable H. Kenneth Wangelin, Chief Judge, United States District Court, Eastern District of Missouri.

without elaboration that in accordance with the applicable statute, plaintiff was selected for involuntary leave on the basis of merit. Plaintiff then contacted her National Education Association (NEA) representative, Michael Bingman, who wrote to McKenna requesting a meeting to discuss plaintiff's layoff. After receiving no reply, Bingman wrote to defendant Oppenheimer, the School Board President, again requesting a hearing. Thereafter a response was received from McKenna, stating that defendants would not meet with "third parties," and refusing to furnish any information.

Plaintiff subsequently filed the present complaint alleging in Count I that defendants denied her procedural due process rights in violation of 42 U.S.C. § 1983 by refusing to give her a hearing and a statement of reasons for her layoff. She sought pre-termination process to be enforced by declarative, injunctive, and monetary relief. Count II challenged as unconstitutionally vague the procedures used by defendants in selecting plaintiff as least meritorious.

The district court in form granted plaintiff's motion for summary judgment with respect to Count I, but merely ordered defendants to provide plaintiff with the following: (1) a written statement of the basis for the decision to place plaintiff on leave of absence; (2) a description of the manner in which the decision was reached; (3) the information relied on by the decision-makers; and (4) an opportunity to respond before an impartial board. The court reserved ruling on any further relief pending the outcome of the hearing it had ordered.

Pursuant to the court's order, plaintiff was furnished with a statement of reasons for her layoff including descriptions of the manner in which the decision was reached and of the information relied on by the decision-makers, and a date on which plaintiff could appear before the Board. After receiving the statement, plaintiff waived the hearing, dismissed Count II, and moved for nominal damages and attorney's fees in the amount of $22,980.00. The court awarded plaintiff $1.00 in nominal damages but denied plaintiff's motion for attorney's fees on the ground that plaintiff was not a "prevailing party" under 42 U.S.C. § 1983.

Although the district court did not have the benefit of the Supreme Court's recent opinion in *Hensley v. Eckerhart,* —— U.S. ——, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), it is clear that the court found that plaintiff had not crossed the initial threshold of succeeding on any significant issue which achieves some of the benefit sought. *Id.* at ——, 103 S.Ct. at 1939. The district court thus concluded, and we agree, that plaintiff was not a prevailing party entitled to an award of fees.[2]

Accordingly, and largely for reasons set forth by the district court as viewed in light of *Eckerhart,* the judgment of the district court is affirmed.

ARNOLD, Circuit Judge, dissenting.

I agree completely with the Court that the central question on this appeal is whether plaintiff was a "prevailing party" under 42 U.S.C. § 1988. As the Court says, this issue is governed by the Supreme Court's recent decision in *Hensley v. Eckerhart,* —— U.S. ——, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), in which the appropriate test was set forth in the following language:

A plaintiff must be a "prevailing party" to recover an attorney's fee under § 1988. The standard for making this threshold determination has been framed in various ways. A typical formulation is that "plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Nadeau v. Helgemoe,* 581 F.2d 275, 278–279 (CA 1 1978). This is a generous formulation that brings the plaintiff only

---

2. Even if plaintiff were considered a prevailing party, a reasonable attorney's fee would be so extremely limited in view of the minor relief obtained, *see id.* at —— and n. 14, 103 S.Ct. at 1942 and n. 14, that remand for another round of litigation between these parties would be completely unwarranted. *See id.* at ——, 103 S.Ct. at 1948–49 (J. Brennan, concurring and dissenting).

across the statutory threshold. It remains for the district court to determine what fee is "reasonable."

—— U.S. at ——, 103 S.Ct. at 1939 (footnotes omitted). In my view, the plaintiff here has clearly met this standard, and I therefore respectfully dissent.

The words and phrases selected by the Supreme Court to describe who is a "prevailing party" are significant. A plaintiff is a prevailing party if he or she succeeds "on *any* significant issue ... which achieves *some* of the benefit the parties sought in bringing suit." —— U.S. at ——, 103 S.Ct. at 1939 (emphasis mine). It is not necessary that a plaintiff succeed on all of the significant issues, or that the court award all of the benefit sought by the complaint. In addition, the Supreme Court describes its test as "a generous formulation" and stresses that a plaintiff who meets it is only brought "across the statutory threshold" of eligibility for a fee award. The amount of the award, as is fully explained by the *Hensley* opinion, is another matter entirely. A plaintiff may be a "prevailing party" and still, because of failure to prevail on other issues, not receive full compensation for all of the time and expense invested in a case.

Here, the District Court granted plaintiff's motion for summary judgment on Count I of the complaint and held that the defendants had deprived her of property without due process of law, in violation of the Fourteenth Amendment to the Constitution of the United States. The Court found that the so-called statement of reasons given to plaintiff to justify her lay-off was constitutionally inadequate and directed defendants to give her a proper statement of reasons, a description of the manner in which the decision to lay her off had been reached, a summary of the information relied on by the board in reaching its decision, and an opportunity to respond before an impartial body. The plaintiff thus secured both declaratory and injunctive relief. In addition, the District Court awarded her one dollar in nominal damages.

It is true that the plaintiff, for reasons of her own, chose not to pursue the matter and did not appear before the board for a post-lay-off hearing. It is also true that she failed with respect to a number of other claims made in her suit: her contention that a pre-lay-off hearing was required, for example, was rejected. The District Court held that plaintiff had not requested, either in her complaint or in her motion for summary judgment, a post-lay-off hearing, which it described as the only substantive relief she obtained, but I respectfully disagree with that reading of the record. It is true that the plaintiff's prayer for relief with respect to Count I of her complaint stresses her desire for a pre-lay-off hearing and does not specifically request, in the alternative or otherwise, that a post-lay-off hearing be afforded. On the other hand, Paragraph 6 of the prayer for relief, D.R. 7, does generally request that jurisdiction of the cause be maintained "until such time as Defendants establish a hearing procedure in conformity with the requirements of the Fourteenth Amendment," and Paragraph 9, *ibid.*, requests "such other additional relief as may appear to the Court equitable and just in the premises." One of the allegations of Count I of the complaint, Paragraph 19, D.R. 4, is that "[a]lthough requested to do so, Defendants have failed and refused to ... furnish Plaintiff with a pre- *or post*-lay-off hearing" (emphasis mine). Surely it is a fair inference that, although plaintiff's first preference was naturally for reinstatement and a pre-lay-off hearing, she was also requesting, in the alternative, a post-lay-off hearing. Furthermore, even if the complaint is read not to request a post-lay-off hearing, the District Court held that plaintiff was entitled to such a procedure, and that the failure to afford it was unconstitutional. A party is entitled to whatever relief is appropriate under the proof, "even if the party has not demanded such relief in his pleadings," Fed. R.Civ.P. 54(c). In determining who is a "prevailing party" for fee purposes, the important thing is what relief was awarded on the facts and the law, not what relief was expressly requested by the pleadings.

I cannot agree that the relief secured here was insignificant. First of all, the simple holding that the board has deprived plaintiff of her property without due process of law, in and of itself, is an important vindication of constitutional rights. When public officials violate the rights of citizens, and courts so declare, an important deterrent effect results. Other public officials are less likely to violate other citizens' rights in the future. The specific relief obtained, in addition, tends quite substantially to reduce the likelihood of future arbitrary conduct by public employers. If an employer must give reasonably detailed reasons for laying off a teacher, and if it must give the teacher an opportunity, even though after the decision, to appear before some impartial body and give her side of the case, school boards will be less likely to lay teachers off without giving careful and impartial consideration to the reasons for the decision in advance. Furthermore, the relief granted in this case was not, as a practical matter, limited to the named plaintiff. This was not a class action, but after the District Court's decision granting plaintiff's motion for summary judgment, the school board met and revised its official lay-off policies to comply with the four minimum requirements of due process set forth by the District Court in its order granting summary judgment. The board also decided to apply the revised policy retroactively to all tenured teachers in lay-off status. Thus, not only the plaintiff herself, but also all teachers employed by the defendant school board, obtained important benefits from this lawsuit.

In addition, I think the Court's holding today is in direct conflict with *Dean v. Civiletti*, 670 F.2d 99 (8th Cir.1982) (per curiam). There, suit was brought under Title VII of the Civil Rights Act of 1964 alleging sex discrimination by the United States Marshals Service. The District Court found that discrimination had occurred in one respect claimed by the plaintiff, though not in another. Reinstatement was denied, and there was no evidence that plaintiff had suffered any monetary loss. On appeal, we affirmed the merits of the District Court's decision. We nevertheless ordered that nominal damages of one dollar be awarded, and that attorneys' fees be imposed on the defendant for proceedings both in the District Court and in this Court. The plaintiff, we said, had "prevailed on [a] discrimination issue," *id.* at 101, and was therefore entitled to an award of fees. The relief that plaintiff gained in this case is at least as significant as the relief granted in *Dean.*

As we said in *Avalon Cinema Corp. v. Thompson,* 689 F.2d 137, 139 n. 4 (8th Cir. 1982) (en banc), "[t]he people's elected representatives in Congress evidently felt that those who violate constitutional rights should pay for the legal services required to redress the violation. Our task as judges is to carry out this legislative command." In other words, Congress sought to make it more expensive for state and local officials to violate the Constitution. With all respect, I think the Court today departs from this policy.