Ernest C. WILLIAMS, Plaintiff,

v.

ST. LOUIS COUNTY, et al.,
Defendants.

No. 81–1379 C (5).

United States District Court,
E.D. Missouri, E.D.

May 31, 1984.

## ORDER

See also 643 F.Supp. 1150.

Ernest C. WILLIAMS, Plaintiff,

v.

ST. LOUIS COUNTY, et al.,
Defendants.

No. 81–1379 C (5).

United States District Court,
E.D. Missouri, E.D.

Oct. 7, 1985.

## ORDER

LIMBAUGH, District Judge.

The matter before the Court is the order of the United States Court of Appeals, Eighth Circuit, in which this Court was directed to conduct an *in camera* inspection of the personnel files of the defendants, in order to ascertain "whether these files contain the same material as when the Court first examined them, and make a record of any such omissions or additions." The United States Court of Appeals, Eighth Circuit, also directed this Court to articulate reasons for the amount of an attorney fee award which the plaintiff was

entitled to. This Court will now address each of those directives.

### In Camera Inspection of Defendants' Personnel Files

Trial of this case began October 13, 1983, with judgment being entered on a jury verdict on October 17, 1983. A few weeks before that time on September 26, 1983, all of the parties were present for an *in camera* hearing and inspection by the Court when information in the personnel files of the defendant St. Louis County and of the other defendants was presented. Following the inspection, this Court determined that since the information in the files would not be admissible at trial and would not reasonably lead to the discovery of admissible evidence, the plaintiff's motion to produce the personnel files would be denied. This Court also, at a later date, rejected plaintiff's motion to incorporate the files in the record, under seal, in order to preserve the issue for appeal. Following the directive of the United States Court of Appeals, Eighth Circuit, in *Ernest C. Williams v. A. Mensey*, No. 84–1753, (8th Cir., May 10, 1985), this Court has carefully reviewed photocopied personnel files of William Pecha, Arnold Armstrong, Vince Vaughn, Joe Simmons, Robert Bordeau and Aaron Mensey. As far as this Court can determine and recollect, the files as now reviewed contain the same materials as originally reviewed by the Court on September 26, 1983. There are additional materials such as job evaluations, personal injury reports and notices of job-related educational courses which have been added to these files after September 26, 1983, as the additions occurred after such date and were not in the file at the time of the Court's review on September 26, 1983. All material in the files dated on or before September 26, 1983, appear to be the same today as when originally reviewed. Pursuant to the directive of the Court of Appeals, photocopies of the personnel files in question shall be forwarded to the Court of Appeals for the use of that court.

### Attorney Fees

On May 31, 1984, this Court awarded plaintiff attorney fees in the amount of $1,000, plus costs. Certain background and factual information is necessary in order for this Court to comply with the Court of Appeals order to articulate the reasons for the attorney fee award.

This case was originally filed by plaintiff November 3, 1982, pro se. Counsel was appointed to represent plaintiff by Honorable Clyde S. Cahill, Judge, United States District Court, Eastern District of Missouri to whom the case was first assigned. Judge Cahill handled the case until July 22, 1983, when it was assigned to this Court. On December 16, 1982, Judge Cahill relieved the original attorney appointed to represent plaintiff and appointed attorney Theodore J. MacDonald, Jr., as successor-attorney for the plaintiff. The legal services of attorney MacDonald are those for which the Court has awarded plaintiff $1,000.

On February 1, 1983, attorney MacDonald filed second amended complaint in which he named as defendants St. Louis County, Edward Moreland, William Breeding, Aaron Mensey, Robert Bordeau, Joseph Simmons, Vincent Vaughn, Arnold Armstrong and William Pecha. Counsel obtained proper service on all such defendants and a variety of discovery ensued at the instance of plaintiff and defendants. Interrogatories were prepared and propounded to all nine defendants. Request for production of documents was prepared and sent to defendant St. Louis County. A variety of objections to all of plaintiff's interrogatories and request of production of documents was responded to and ultimately resolved by agreement of the parties or by order of Court. Depositions on behalf of the plaintiff were taken of all defendants, including a representative of St. Louis County.

In response to the Court's pre-trial order, the plaintiff prepared for trial against all eight individual defendants, as well as the defendant St. Louis County and this preparation included the listing of witnesses, identification of exhibits, preparation of in-

structions as to all theories involving each of the nine defendants and a trial brief on all of the issues involved.

There were three counts involved in the complaint which was brought pursuant to Title 42, U.S.C. § 1983 to redress deprivations of plaintiff's civil rights guaranteed by the 1st, 5th, 8th and 14th amendments to the United States Constitution. Plaintiff alleged in Count I that while he was a pre-trial jail detainee in St. Louis County, the individual defendant law enforcement officers caused physical harm to him for which he sustained damage. Count II alleged basically that plaintiff had the right to be free from punishment as a pre-trial detainee. Count III asserted an action for damages because of the defendants' failure to provide proper medical treatment for plaintiff as a pre-trial detainee.

The prayer for relief was $500,000 compensatory damages against the defendants jointly and severally and for a joint and several award of $1,000,000 against all defendants for punitive damages together with costs, expenses and attorney fees.

After the submission of plaintiff's case on trial before a jury, the Court directed a verdict for defendant St. Louis County and the trial proceeded as to all other eight individual defendants. Count II was abandoned at the end of the case and the issue was submitted to the jury on Count I and III.

After a four-day trial, judgment was entered on the jury verdict for all defendants as to Count I except for defendant Arnold Armstrong for which judgment was entered in favor of plaintiff with a damage award of $1.00 being assessed. Judgment was entered in favor of all defendants as to the submission on Count III.

Following that judgment, plaintiff's attorney requested an award for attorney fees and this Court on November 23, 1983, denied the request with a memorandum of substance in support thereof for the reason that the plaintiff had not prevailed with respect of a substantial portion of the complaint.

While an appeal of this case was pending before the United States Court of Appeals,

Eighth Circuit, that circuit rendered a decision *en banc* in the case of *Fast v. School District of Ladue*, 728 F.2d 1030 (8th Cir., 1984). The Court of Appeals then remanded the case to this trial court for further consideration of the order of November 23, 1983, denying plaintiff's request for attorney fees. This Court, in response to the directive of the Court of Appeals, had an evidentiary hearing on the issue of attorney fees and then entered its order awarding plaintiff $1,000 for his attorney fees. At the evidentiary hearing on the attorney fee issue plaintiff's attorney, MacDonald, proffered a statement for fees and expenses in the amount of $10,493.63. An itemized copy of the services of plaintiff's attorney including the dates, the service rendered and the hours through trial was also received in evidence, which resulted in the statement request of $10,493.63.

It was this Court's finding, after the evidentiary hearing, and an examination of the file and the law of this circuit that an award of $1,000 would be proper. There were nine defendants involved. Plaintiff's discovery included each of the nine defendants, as did his trial preparation and the trial was had as to all nine defendants with the exception of defendant St. Louis County, which was directed out at the end of the plaintiff's case. The case went to the jury on the remaining eight defendants on two separate counts with a request for joint and several damages in the amount of $500,000 actual damages and $1,000,000 punitive damages. The jury found for all defendants on one count and for seven of the eight defendants on the other count and awarded a verdict in favor of the plaintiff against a sole defendant on the one count and assessed damages in the sum of $1.00.

This Court believes that the plaintiff prepared for trial with respect to two separate causes of action against each of the nine defendants. The records of the work done as set out in the time sheets of plaintiff's attorney reveal substantial amounts of work done in preparation for trial against the seven defendants who received a defendants' verdict as to both counts and as

to the eight defendants who received a directed verdict as to one count and as to the ninth defendant who was directed out at the close of plaintiff's case.

This Court has examined the authorities set out for the Court to review in its opinion of May 10, 1985, and has also reexamined the twelve-factor approach approved by this Court in *Zoll v. Eastern Allamakee Community School District*, 588 F.2d 246, 252 (8th Cir.1978). This Court determined that an award of $1,000 would be harmonious with the decisions of the United States Court of Appeals, Eighth Circuit, after a review of the facts in this case. Accordingly, this Court reiterates that the award of $1,000 attorney fee is a reasonable award and is not an abuse of the discretion of this Court.

IT IS HEREBY ORDERED that these findings shall be forwarded to the Court of Appeals for the Eighth Circuit in response to the order of that court of May 10, 1985, together with the documents and subsequent file involved and that copies be forwarded to the parties and attorneys of record.