Benjamin F. MANEY; Robert Butler; Robert L. Tucker, Appellees,

v.

BRINKLEY MUNICIPAL WATER- WORKS AND SEWER DEPARTMENT (ARKANSAS), a Municipal Corporation; Mr. Lambert D. Dial; Jubal Etheridge; Pete Medford; Gus Rusher; Robert L. Travis, President, Individually and in their official capacities as Members of the Board of Commissioners of the Brinkley, Arkansas Water and Sewer Commissioners; John Holliday, Individually and in his official capacity as City Manager of Brinkley, Appellants.

No. 85–2096.

United States Court of Appeals, Eighth Circuit.

Submitted April 17, 1986.

Decided Oct. 10, 1986.

Michael Rainwater, Little Rock, Ark., for appellants.

Gail Wright, New York City, for appellees.

Before JOHN R. GIBSON, Circuit Judge, BRIGHT, Senior Circuit Judge, and FAGG, Circuit Judge.

BRIGHT, Senior Circuit Judge.

Brinkley Municipal Waterworks and Sewer Department (Waterworks) appeals from a judgment holding that it discriminated against former employees Benjamin F. Maney, Robert Butler, and Robert L. Tucker, who are black. On appeal, Waterworks argues that the district court erred in holding that Waterworks failed to promote and constructively discharged Maney, Butler, and Tucker on account of their race. We affirm in part, and reverse and remand in part.

## I. BACKGROUND

In 1977, the manager of Waterworks, James Brock, died from a heart attack. Waterworks advertised for a new manager in local papers, but did not hire either of the two men, both white, who applied for the position. Instead, many of the manager's duties were assumed by the maintenance foreman, Benjamin Maney. Maney, a black male, did not receive any increase in his salary following this increase in responsibility.

In 1979, Waterworks again advertised the position of manager in the local papers. Although Maney saw the advertisement, he did not apply for the position. The district court found that Maney was told that current employees would not be considered for the position. Waterworks hired the only

person to submit an application, Robert Broadway, a white male.

Following the hiring of Broadway, Maney left his employment with Waterworks, and obtained a new position in another city. In addition, Robert Butler and Robert Tucker, both of whom worked under Maney as laborers, left their employment within a few days after Broadway assumed the manager's position.

Maney and Butler brought suit against Waterworks for race discrimination in violation of Title VII (42 U.S.C. § 2000e–5(f)(3)), section 1981 (42 U.S.C. § 1981), and section 1983 (42 U.S.C. § 1983). Tucker also brought suit, alleging only sections 1981 and 1983 violations. After a six-day bench trial, the district court found for the plaintiffs, and awarded them back pay and reinstatement. The court further directed that each of the three were to be offered the manager's position, with Maney receiving the first opportunity to accept, then Butler, and then Tucker. The court also granted costs and attorneys' fees to the plaintiffs. This appeal follows.

## II. DISCUSSION

■ Waterworks advances numerous challenges to the district court's findings of fact and conclusions of law. We find these challenges without merit insofar as they relate to judgment and award for Maney on his action against Waterworks. We further hold that the district court's conclusion that Waterworks discriminated against Butler and Tucker because of their race was not clearly erroneous. *See Anderson v. City of Bessemer City*, 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985) (presence of discrimination is finding of fact, and cannot be set aside unless clearly erroneous).

■ After reviewing the entire record, however, we conclude that the district court erred in awarding back pay, reinstatement, and an opportunity to accept the manager's position to Butler and Tucker. As a general rule, employees are entitled to awards such as back pay and reinstatement

only if they were actually or constructively discharged from their employment. *See Derr v. Gulf Oil Corp.*, 796 F.2d 340 (10th Cir.1986); *Bourque v. Powell Electrical Mfg. Co.*, 617 F.2d 61, 66 & n. 8 (5th Cir. 1980). Although the district court concluded that Butler and Tucker were constructively discharged, the record reveals otherwise.

■ An employee is "constructively discharged" if the employer intentionally made working conditions so difficult that a reasonable person in the employee's shoes would feel compelled to resign. *Johnson v. Bunny Bread Co.*, 646 F.2d 1250, 1256 (8th Cir.1981). *See Craft v. Metromedia, Inc.*, 766 F.2d 1205, 1217 (8th Cir.1985), *cert. denied,* — U.S. —, 106 S.Ct. 1285, 89 L.Ed.2d 592 (1986). We do not believe that the record establishes that the conditions under which Butler and Tucker worked were so difficult as to force them to quit. The record reveals that the hiring of Broadway for the position of manager of Waterworks produced great hostility among blacks working under Maney. Part of the reason for this hostility rested on the blacks' justified perception that whites were consistently occupying the positions of power and authority in the Brinkley City departments. In contrast, the minorities working for various city departments were largely confined to the lower paying, lower echelon jobs. For example, no minority worked for the Administrative or Police Department of Brinkley City, but sixty-six percent of the Sanitation Department employees were minorities.[1]

Butler and Tucker perceived the hiring of Broadway as manager of Waterworks to be a continuation of a segregated work force. Both believed that they were better qualified for the position of manager than was Broadway, who they regarded as ignorant of the duties that the job entailed. Moreover, Butler and Tucker believed that Maney constituted a much better manager than Broadway, the latter who refused to help them with the more undesirable work. Butler resigned two and one-half days af-

---

1. Plaintiffs introduced little evidence of overt discrimination in words or conduct by city officials. There was some testimony, however, that racist jokes had been told by city personnel at employee picnics, although apparently told out of the hearing of any supervisors.

ter Broadway began work; Tucker left one and one-half days after Broadway began.

■ Although we conclude that these facts support the district court's finding that Butler and Tucker are victims of discrimination, the record does not disclose that their working conditions were changed under the new manager so that a reasonable person would consider those conditions as intolerable. We therefore hold that the district court's finding that Waterworks constructively discharged Butler and Tucker was clearly erroneous.

■ Because they were not constructively discharged, we must vacate the award of back pay and reinstatement to Butler and Tucker. We also modify the district court's order that Butler and Tucker, respectively, be offered the position of manager should Maney reject it. Retroactive promotion is available only when the employer failed to show, by a preponderance of the evidence, that the employee would not have been promoted even in the absence of discrimination. *Bibbs v. Block,* 778 F.2d 1318, 1319 (8th Cir.1985) (en banc). Waterworks clearly failed to carry this burden of proof as it pertains to Maney, who assumed many of the responsibilities of manager for the two years that the position remained vacant. If Maney should refuse the position of manager, however, the district court should not require Waterworks to offer the job to Butler and Tucker until the court has expressly found that those former employees would have been offered the job but for the racial discrimination of the Waterworks.

■ If the district court should hold that Butler and Tucker are not entitled to the manager position, the court should still award them nominal damages of at least one dollar. *Dean v. Civiletti,* 670 F.2d 99, 101 (8th Cir.1982) (per curiam); *see Bibbs v. Block,* 778 F.2d at 1323–24. Butler and Tucker are further entitled to receive reasonable attorneys' fees because they succeeded on "a significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit." *See Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983); *see also Fast v. School District of City of*

*Ladue,* 728 F.2d 1030 (8th Cir.1984) (en banc); *Dean v. Civiletti,* 670 F.2d at 101.

■ On remand, however, the district court should reexamine the amounts awarded for attorneys' fees to Butler and Tucker in light of our limitation of their relief. Because Butler and Tucker failed on their bid for back pay and reinstatement, an award of the full amount requested in attorneys' fees may not be proper. *See Bibbs v. Block,* 778 F.2d at 1324; *Fast v. School District of Ladue,* 728 F.2d at 1035; *cf. City of Riverside v. Rivera,* ── U.S. ──, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986) (amount of damages recovered is one factor court should consider when determining reasonable attorneys' fees under section 1988). Therefore, we direct the district court to reconsider the issue of the "reasonable attorneys' fees" to which Butler and Tucker are entitled.

## III. CONCLUSION

Accordingly, we affirm the district court's entry of judgment against Waterworks, but we vacate the awards granted Butler and Tucker, and remand for entry of relief and a determination of attorneys' fees as discussed in this opinion.